AO 91 (Rev. 11/11) Criminal Complaint (approved by AUSA Nicholas A. DiMarco ) USAO CW No. 26-147

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

United States of America
v.

YAREL ALMONTE
*Defendant(s)*

Case No. 26-mj-1885

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 28, 2026 in the county of Philadelphia in the Eastern District of Pennsylvania, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 USC 841(a)(1), (b)(1)(A) | Possession with Intent to Distribute Controlled Substances |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

*/s/ Jordan Marmaro*
*Complainant's signature*

Jordan Marmaro, Special Agent DEA
*Printed name and title*

Sworn to before me and signed by telephone.

Date: ______

Elizabeth L. Toplin
Digitally signed by Elizabeth L. Toplin
Date: 2026.09.30 14:42:02 -04'00'
*Judge's signature*

City and state: Philadelphia, Pennsylvania

Hon. Elizabeth L. Toplin, USMJ
*Printed name and title*

# AFFIDAVIT

I, Jordan Marmaro, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I have been a Special Agent with the Drug Enforcement Administration (DEA) since August 2023. In order to become a Special Agent, I attended a rigorous and immersive training academy for four months. At the academy I had to show proficiency in tactics, law, general knowledge on drugs and trafficker's practices, and perform those competencies in practical applications. Since graduating the academy, I have used these skills to facilitate multiple investigations and arrests. During those investigations, I have conducted physical and electronic surveillance, search warrants and made arrests, partnered with local, state, and other federal agencies, debriefed confidential sources, analyzed intelligence information from law enforcement databases and subpoenas, and testified for grand juries. The statements contained in this Affidavit are based on information derived from your Affiant's personal knowledge, training and experience; information obtained from the knowledge and observations of other sworn law enforcement officers, either directly or indirectly through their reports or affidavits; surveillance conducted by law enforcement officers; information provided by a confidential source; analysis of public records; controlled purchases of drugs; analysis of telephone records; intercepted communications; and analysis of financial records.

2. I submit this affidavit seeking the issuance of an arrest warrant for, and a criminal complaint charging Yarel ALMONTE with possession with intent to distribute a mixture and substance containing a schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).

3. This affidavit is based upon information I have gained from my investigation, my training and experience, as well as information from other law enforcement officers. Since this affidavit is being submitted for the limited purpose of securing an arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to charge the offense described above.

**FACTS OF THE INVESTIGATION ESTABLISHING PROBABLE CAUSE**

4. Since early 2025 the DEA has been investigating a fentanyl trafficking organization that distributes controlled substances in Philadelphia. During the investigation, investigators identified a local Philadelphia drug trafficker utilizing WhatsApp telephone number (267) 346-4409.

5. In the month of September 2026 investigators utilized a DEA Confidential Source[1] (CS) to coordinate a kilogram buy with the user of (267) 346-4409 for approximately $28,000.00 on September 28, 2026.

6. On or about September 28, 2026, the CS contacted the user of (267) 346-4409 and was directed to meet in the area of 200 block of East Rockland Street, Philadelphia, PA, in order to purchase 1 kilogram of fentanyl. Upon the CS's arrival at the meet location, the CS met with Jarlen Felix SERRANO, who had arrived on foot. SERRANO is a national of the Dominican Republic without legal status in the United States.

7. Law enforcement also observed a Honda Accord, bearing Pennsylvania license plate NFZ2628, in the area of the meet location. The Honda Accord is registered to Yarel

---

[1] This Confidential Source has been an active DEA source for approximately 7 years and is a paid source receiving immigration benefits through the DEA. The CS has participated in numerous controlled purchases of both drugs and firearms. The CS has also testified in federal court proceedings. Information provided by the CS has been independently corroborated, and the CS has consistently demonstrated to be reliable.

ALMONTE, a national of the Dominican Republic and lawful permanent resident of the United States.

8. SERRANO entered the front passenger's seat of the CS's vehicle, at which time the CS and SERRANO discussed the fentanyl purchase. SERRANO asked the CS to see and count the money, but the CS asked to see the drugs first. As a result of this disagreement, SERRANO exited the CS's vehicle, and the CS left the meet location.

9. Later that same evening, SERRANO agreed to meet with the CS to complete the fentanyl sale. The CS returned to the meet location. At the meet location, SERRANO was observed standing near a Honda Accord. SERRANO entered the front passenger's seat of the CS's vehicle and stated that another individual, later identified as ALMONTE, would come and show the CS the kilogram of fentanyl.

10. ALMONTE exited the Honda Accord parked near the meet location carrying a plastic bag and entered the CS's vehicle. ALMONTE handed the kilogram to the CS. The CS handed the kilogram to SERRANO and stated that the CS would retrieve the money.

11. Upon confirmation of the presence of the apparent kilogram of fentanyl, investigators arrested SERRANO and ALMONTE. Investigators also located and seized a plastic bag from the back driver's seat of the CS's vehicle. The plastic bag contained a blue bag with white letters, which in turn contained approximately one kilogram of a plastic-wrapped, powdery substance that I know, based on my training and experience, is consistent with fentanyl. The kilogram quantity was field tested and tested presumptive positive for a fentanyl mixture. Based upon my training and experience, I believe this fentanyl is consistent with distribution, and inconsistent with personal use. I base this, in part, on the weight and value of the suspected

fentanyl, as well as the lack of any indicia of personal use. In my experience, a kilogram of fentanyl in Philadelphia would cost approximately $28,000.00.

12. WHEREFORE, based upon my training and experience and my knowledge of this investigation, I have probable cause to believe, and do so believe, that Yarel ALMONTE possessed with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).

Respectfully submitted,

/s/ Jordan Marmaro
Jordan Marmaro, Special Agent
Drug Enforcement Administration

Subscribed and sworn to
me by telephone on this 30th day
of September, 2026.

Elizabeth L. Toplin

Digitally signed by Elizabeth L. Toplin
Date: 2026.09.30 14:41:31 -04'00'

Hon. Elizabeth L. Toplin
United States Magistrate Judge