**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| **v.** | **:** | **Case No. 26-mj-1885** |
| **YAREL ALMONTE** | **:** | |

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

The defendant, Yarel Almonte, is both a danger to the community and a flight risk, having sold approximately one kilogram of fentanyl to a DEA confidential source. Almonte is a national of the Dominican Republic with limited ties to the Eastern District of Pennsylvania, where he has resided for only the past three months. His conduct the night of his arrest demonstrates that he is a savvy drug dealer of fentanyl, a particular deadly drug with devastating effects on the Philadelphia community.

This is a rebuttable presumption case pursuant to 18 U.S.C. § 3142(e)(3)(A). Almonte cannot overcome this presumption. Given the facts and circumstances detailed herein and the possibility of additional federal charges, there are no conditions that can be fashioned to reasonably assure the safety of the community and the defendant's appearance at trial. As such, the government moves pursuant to 18 U.S.C. § 3142(e) and (f)(1)(C), (f)(2)(A) for a detention hearing and pretrial detention of Serrano.

## I. THE FACTS AND LEGAL ARGUMENT

In support of this motion, the government makes the following representations and proposed findings of fact:

### A. Probable Cause and the Evidence in this Case

There is probable cause to believe that Almonte has violated Title 21, U.S.C. §§

841(a)(1), (b)(1)(A) (possession with intent to distribute 400 kilograms or more of a mixture or substance containing a detectable amount of fentanyl), as charged in the criminal complaint signed by the Honorable Elizabeth L. Toplin on September 30, 2026, and filed at case number 26-mj-1885. A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community applies pursuant to 18 U.S.C. § 3142(e)(3)(A).

There are no conditions of release that will reasonably assure Almonte's appearance or ensure the safety of the community. To determine whether such conditions exist, the Court is required to "take into account the available information concerning" four factors. 18 U.S.C. § 3142(g). First, the court must examine the "nature and circumstances of the offense charged, including whether the offense [involves a controlled substance]." *Id.* § 3142(g)(1). Second, it must look at the "weight of the evidence against the person." *Id.* § 3142(g)(2). Third, it must examine the history and characteristics of the defendant. *Id.* § 3142(g)(3). Finally, it must weigh "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g)(4).

***The evidence in this case is strong.*** On September 28, 2026, Almonte sold approximately one kilogram of fentanyl to a DEA confidential source (the "CS"). The CS coordinated the deal with Almonte's co-defendant, Jarlen Felix Serrano, over WhatsApp. Law enforcement then observed Serrano arrive on foot at the meet location for the deal and enter the front passenger's seat of the CS's vehicle. At the time of this meeting, law enforcement also observed a Honda Accord, bearing Pennsylvania license plate NFZ2628 and registered to Almonte, in the area of the meet location. Almonte and Serrano immediately proved themselves to be savvy drug-dealers. Serrano refused to produce the fentanyl until the CS showed Serrano the money—

$28,000 was the agreed-upon price—and let him count it. The resulting disagreement—captured on an audio device that the CS[1] was equipped with—prompted Serrano to get out of the CS's vehicle and leave the meet location without finalizing the sale.

It was only through the intervention of the individual who brokered the fentanyl sale that Almonte and Serrano agreed to complete the transaction. At the second meeting that same evening, Serrano was observed standing near the aforementioned Honda Accord. Serrano entered the CS's vehicle and stated that another individual, later identified as Almonte, would come and show the CS the kilogram of fentanyl. Serrano was observed making a call on his cell phone, and shortly thereafter law enforcement observed Almonte enter the CS's vehicle carrying a plastic bag.

Almonte handed the kilogram to the CS. The CS handed the kilogram to Serrano and stated that the CS would retrieve the money. At that time law enforcement converged on the vehicle and arrested Serrano and Almonte. Investigators located and seized a plastic bag from the back driver's seat of the CS's vehicle, consistent with the bag Almonte was observed carrying. The plastic bag contained a blue bag with white letters, which in turn contained approximately one kilogram of a plastic-wrapped powdery substance that field tested positive for a fentanyl mixture.

It is well known that fentanyl is "deadly and has devastating effects on the community," *United States v. Frankel*, Crim. No. 17-242, 2022 WL 17852029, at *3 (W.D. Pa. Dec. 22, 2022), in that it "significantly increases the risk of overdose death," *United States v. Payne*, Crim. No. 20-222, 2021 WL 462730, at *4 (E.D. Pa. Feb. 8, 2021). As such, individuals like

[1] The CS was also equipped with a video recording device, but because the deal took place in the evening Serrano cannot be made out in the footage.

Almonte who sell fentanyl in large quantities pose a serious danger to the Philadelphia community. *United States v. Strong*, 775 F.2d 504, 507 (3d Cir. 1985) (recognizing the "explicit equation of a drug offense with danger to the safety of the community for purposes of release or detention of a defendant pending trial").

***Almonte also poses a flight risk.*** Almonte is a national of the Dominican Republic and lawful permanent resident of the United States. If indicted and convicted of the drug trafficking charge, he faces a 10-year mandatory minimum penalty and a maximum sentence of life in prison, as well as loss of status to reside in the United States. The possibility of a significant prison sentence gives Almonte a strong incentive to flee the jurisdiction if released pending trial.

**B. Maximum and Minimum Penalties**

The statutory maximum penalty for violating 21 U.S.C. §§ 841(a)(1), (b)(1)(A) is life imprisonment, with a mandatory minimum of ten years' imprisonment, a minimum of five years of supervised release, a maximum of a $10,000,000 fine, and a $100 special assessment.

**C. Criminal Record**

As stated, Almonte is a national of the Dominican Republic. Almonte's criminal history, if any, in the Dominican Republic has not been verified.

**D. Lack of Community Ties**

Almonte's incentive to flee is exacerbated by his lack of ties to the Eastern District of Pennsylvania. Almonte reported to pre-trial services that he has lived in this District for three months, and at his current address for only two months. He also told pre-trial services that he travels to the Dominican Republic annually. Further, Almonte is a native of the Dominican Republic and may possess foreign ties to individuals who reside there.

## II. CONCLUSION

Almonte sold a kilogram of fentanyl to a DEA confidential source in Philadelphia. The weight of the evidence is strong and consists of audio recordings, law enforcement surveillance, and the kilogram of fentanyl that was recovered by agents. Almonte has lived in the District for three months. There is seemingly little connecting him to this District other than this crime, creating a flight risk.

When all these factors are viewed in light of the substantial sentence that Almonte faces if convicted, it is clear that no condition or combination of conditions will reasonably assure the presence of Almonte as required and the safety of the community.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

Respectfully submitted,

DAVID METCALF
United States Attorney

/s/ *Nicholas A. DiMarco*
Nicholas A. DiMarco
Assistant United States Attorney

Dated: October 5, 2026.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **Case No. 26-mj-1885** |
| **YAREL ALMONTE** | : | |

**PRETRIAL DETENTION ORDER**

AND NOW, this day of 2026, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

1. The government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

2. The government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

3. The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

a) There is probable cause to believe that the defendant has violated Title 21, U.S.C., §§ 841(a)(1), (b)(1)(A), as charged in the criminal complaint signed by the Honorable Elizabeth L. Toplin on September 30, 2026, and filed at case number 26-mj-1885.

b) The evidence in this case is strong. Agents with the Drug Enforcement Administration ("DEA") utilized a confidential source ("CS") to purchase one kilogram of fentanyl from the defendant for $28,000 on September 30, 2026. The defendant's co-defendant,

Jarlen Felix Serrano, met the CS at a predetermined location, entered the CS's vehicle, and discussed the terms of the sale with the CS, which conversation is captured on an audio device that the CS was equipped with. At the time of this meeting, law enforcement also observed a Honda Accord, bearing Pennsylvania license plate NFZ2628 and registered to Almonte, in the area of the meet location. After an initial disagreement with the CS, Serrano returned to the meet location, was observed standing near the Honda Accord, entered the CS's vehicle, and called the defendant, Almonte, to bring the kilogram of fentanyl. Shortly thereafter law enforcement observed the defendant enter the CS's vehicle carrying a plastic bag. The defendant handed the kilogram to the CS, who in turn handed the kilogram to Serrano and stated that the CS would retrieve the money. At that time law enforcement converged on the vehicle and arrested Serrano and the defendant. Investigators located and seized a plastic bag from the back driver's seat of the CS's vehicle, consistent with the bag the defendant was observed carrying. The plastic bag contained a blue bag with white letters, which in turn contained approximately one kilogram of a plastic-wrapped powdery substance that field tested positive for a fentanyl mixture.

c) Fentanyl is "deadly and has devastating effects on the community," *United States v. Frankel*, Crim. No. 17-242, 2022 WL 17852029, at *3 (W.D. Pa. Dec. 22, 2022), in that it "significantly increases the risk of overdose death," *United States v. Payne*, Crim. No. 20-222, 2021 WL 462730, at *4 (E.D. Pa. Feb. 8, 2021). As such, the defendant poses a serious danger to the Philadelphia community.

d) The total maximum statutory penalty the defendant faces is life imprisonment and a mandatory minimum of ten years' imprisonment. Accordingly, the defendant has a substantial incentive to flee, which is enhanced by his lack of family or community ties to this District.

4. The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

5. As there is probable cause to believe that the defendant committed an offense punishable by 10 or more years in jail under the Controlled Substances Act the Court must presume—subject to rebuttal by the defendant—that no condition of release, or combination of conditions, will reasonably assure the safety of any person and the community or reasonably assure the appearance of the defendant as required. *See* 18 U.S.C. § 3142(e)(3)(A). The defendant has failed to rebut this presumption.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

____________________________________
HONORABLE SCOTT W. REID
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Order was served by electronic mail on counsel of record.

Andres Jalon
ajalon@jalonesq.com
*Counsel for Yarel Almonte*

/s/ *Nicholas A. DiMarco*
Nicholas A. DiMarco
Assistant United States Attorney

Dated: October 5, 2026.